# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION
## CINCINNATI, OH

| | | |
|---|---|---|
| ZOBELE MEXICO, S.A. DE C.V. | : | Case No. 1:18-cv-00596-SJD |
| Plaintiff, | : | Judge Susan J. Dlott |
| vs. | : | **ANSWER OF TSS TECHNOLOGIES, INC.** |
| TSS TECHNOLOGIES, INC., | : | |
| Defendant. | : | |

For its Answer to the Complaint of Zobele Mexico, S.A. de C.V. ("Zobele"), Defendant TSS Technologies, Inc. ("TSS") responds as follows:

## RESPONSE TO ALLEGATIONS AND FIRST DEFENSE

1. TSS lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in paragraph 1 of the Complaint.

2. TSS admits the averments set forth in paragraph 2 of the Complaint.

3. TSS admits that there is diversity of citizenship between the parties to this action, that Zobele has demanded in excess of $75,000, exclusive of interest and costs in this action, and that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. TSS denies liability to Zobele, and to the extent paragraph 3 of the Complaint contains additional averments of fact, they are denied.

4. TSS admits the averments set forth in paragraph 4 of the Complaint.

5. TSS admits the allegations set forth in paragraph 5 of the Complaint.

6. TSS lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in paragraph 6 of the Complaint.

7. TSS lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in paragraph 7 of the Complaint.

8. TSS lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in paragraph 8 of the Complaint.

9. TSS lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in paragraph 9 of the Complaint.

10. TSS admits the allegations set forth in paragraph 10 of the Complaint.

11. TSS admits that it entered into a contract with Zobele in or around March 2017, and that the subject of the contract was the manufacture, by TSS, of a machine called an "Empty Glass Bottle Gluing Delivery System" (hereinafter referred to as (the "Machine")). TSS further states that documents forming the contract speaks for themselves, and denies any characterization or interpretation of those documents that are inconsistent with their express terms. To the extent paragraph 11 contains any additional allegations to which a response is required under Fed. R. Civ. P. 8(b), they are denied.

12. TSS admits that before the parties entered into a contract, it sent Zobele a written proposal entitled "TSS Technologies Quotation # 1880-NAT-2 *Project Big Foot*:

*Empty Bottle Gluing Delivery System – National Line & DS 2.0 Proof of Principle and National Line Change-Over Kit*" (hereinafter "Quotation") and a Power Point entitled "Project Bigfoot – Zobele/[Customer] Bottle Gluing Machine: Final Design Review with Zobele/[Customer] 2/10/2017 Rev 2.0 2/13/17" ("PowerPoint") regarding the Machine on or about February 21, 2017. TSS further admits that it did not provide Zobele with a document entitled "Standard Terms and Conditions of Sale" annexed to the Quotation. TSS further states that the written contents of the Quotation and PowerPoint speak for themselves, and denies any characterization of those documents that is inconsistent with their express terms. To the extent paragraph 12 contains any additional allegations to which a response is required under Fed. R. Civ. P. 8(b), they are denied.

13. TSS admits that Zobele sent TSS a purchase order for the Machine described in the Quotation on March 8, 2017, and that the parties entered into a contract. TSS denies the remaining allegations set forth in paragraph 13 of the Complaint.

14. TSS denies the allegations set forth in paragraph 14 of the Complaint.

15. TSS admits the allegations in paragraph 15 of the Complaint.

16. TSS admits that the original draft schedule, prior to receiving all purchase orders from Zobele, was May 2017, and that TSS had issues with the run-off for the Machine, and that those issues with the run-off, and Zobele's issuance of a subsequent purchase order, delayed TSS's shipment of the Machine to Zobele's factory in Mexico

until September 2017. TSS further admits that it installed the Machine at Zobele's facility. Zobele denies the remaining allegations in paragraph 16 of the Complaint.

17. TSS lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in paragraph 17 of the Complaint.

18. TSS denies the allegations set forth in paragraph 18 of the Complaint.

19. TSS admits that it took corrective action in October, November, and December 2017 with respect to issues with the Machine, including repair and replacement of parts, and that Zobele, at first, gave TSS the opportunity to take corrective action. TSS specifically denies that it was a futile effort to get the Machine to perform its contracted task, and denies that it was unable to construct and/or repair the Machine so that it could perform the functions for which Zobele contracted. Zobele denies the remaining allegations in paragraph 19 of the Complaint.

20. TSS lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in paragraph 20 of the Complaint.

21. TSS denies the allegations set forth in paragraph 21 of the Complaint.

22. TSS lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in paragraph 22 of the Complaint.

23. TSS lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in paragraph 23 of the Complaint.

24. TSS lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in paragraph 24 of the Complaint.

25. TSS lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in paragraph 25 of the Complaint.

26. TSS lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in paragraph 26 of the Complaint.

27. TSS denies the allegations set forth in paragraph 27 of the Complaint.

28. TSS admits that Zobele sent a letter to TSS demanding that TSS "immediately ship its gluing machine back to TSS in Ohio," on or about February 1, 2017. TSS further states that the written contents of the February 1, 2017 letter speak for themselves, and denies any characterization of that letter that is inconsistent with its express terms. TSS further admits that is has not removed the Machine in response to this request, but denies that it has failed to respond to Zobele's demand. TSS denies the remaining allegations set forth in paragraph 28 of the Complaint.

## FIRST CLAIM FOR RELIEF

29. TSS incorporates the preceding paragraphs of its Answer as if fully restated herein.

30. TSS admits that Zobele and it entered into a contract, but denies Plaintiff's characterization of the terms and documents forming that contract. TSS further states that the documents comprising the parties' written contract speak for themselves, and

denies any characterization or interpretation of the contract documents that is inconsistent with their express terms. To the extent paragraph 30 contains any additional allegations to which a response is required under Fed. R. Civ. P. 8(b), they are denied.

31. TSS denies the allegations set forth in paragraph 31 of the Complaint.

32. TSS denies the allegations set forth in paragraph 32 of the Complaint.

33. TSS admits that TSS asked Zobele to change its glue and to filter the incoming air to the glue system, and that TSS recommended that Zobele store glue in a controlled environment, as recommended by the glue manufacturer. TSS further admits that TSS requested that Zobele provide an adequate number of operators during test runoff. TSS denies the remaining allegations set forth in paragraph 33 of the Complaint.

34. TSS denies the allegations set forth in paragraph 34 of the Complaint.

35. TSS denies the allegations set forth in paragraph 35 of the Complaint.

36. TSS denies the allegations set forth in paragraph 36 of the Complaint.

37. TSS denies the allegations set forth in paragraph 37 of the Complaint.

## **SECOND CLAIM FOR RELIEF**

38. TSS incorporates the preceding paragraphs of its Answer as if fully restated herein.

39. TSS admits that the Quotation contains the following language: "TSS Technologies, INC. warrants to the buyer that the parts, equipment, assemblies, and

prototypes as developed by TSS Technologies are free from defects in material and workmanship for normal use and service, for a period of 1 year from the date of shipment at TSS Technologies." TSS further states that the written contents of the Quotation speak for themselves, and denies any characterization of the Quotation that is inconsistent with their express terms. To the extent paragraph 39 contains any additional allegations to which a response is required under Fed. R. Civ. P. 8(b), they are denied.

40. TSS denies the allegations set forth in paragraph 40 of the Complaint.

41. TSS denies the allegations set forth in paragraph 41 of the Complaint.

42. TSS denies the allegations set forth in paragraph 42 of the Complaint.

43. TSS denies the allegations set forth in paragraph 43 of the Complaint.

## SECOND DEFENSE
**(Failure to State a Claim)**

Zobele's Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE
**(Failure to Mitigate)**

Zobele could have mitigated or avoided damages stemming from the Machine, but failed to make reasonable efforts to mitigate or avoid, the damages alleged in their Complaint, without undue risk, burden, or humiliation to Zobele. Zobele's claims are thus barred in whole, or in part.

### FOURTH DEFENSE
### (Consent)

Zobele's claims are barred in whole, or in part, because they knowingly and voluntarily consented to the materials and design used for the Machine.

### FIFTH DEFENSE
### (Lack of Standing)

Zobele was required to, and has failed to register with the State of Ohio in accordance with R.C. 1703.01 to 1703.31, and is thus barred from maintaining this action pursuant to R.C. 1703.29.

### SIXTH DEFENSE
### (Equitable Estoppel)

Zobele's claims of injury or damages are barred by the doctrine of equitable estoppel, due to Zobele's fraudulent concealment of material facts regarding the Machine, including the acceptance criteria for the Machine. Zobele concealed information from TSS with the intent that TSS act or fail to act so as to avoid the damages Zobele now seeks by its claims, and TSS did in fact materially change its position due to Zobele's concealment.

### SEVENTH DEFENSE
### (Waiver)

Zobele's claims are barred by the doctrine of waiver, as Zobele deliberately, knowingly, voluntarily, and with full knowledge of the factual circumstances: (1) failed to follow TSS's recommendations to inspect, and timely repair or protect the Machine

after delivery; and (2) failed to afford TSS a full and fair opportunity to cure any alleged defects in the Machine.

### EIGHTH DEFENSE
### (Commercial Frustration)

Zobele's contract and warranty claims are barred by the doctrine of frustration of purpose, due to Zobele's unilateral decision and unanticipated alleged need to replace the allegedly defective Machine to satisfy its customer, before affording TSS an adequate opportunity to inspect, and repair or remediate, the allegedly defective Machine.

### NINTH DEFENSE
### (Impossibility)

Zobele's contract and warranty claims are barred by the doctrine of impossibility, due to Zobele's unilateral decision to replace the allegedly defective Machine.

### TENTH DEFENSE
### (Prevention of Performance)

Zobele's contract and warranty claims are barred in whole, or in part, due to Zobele's conduct preventing TSS from taking steps to inspect and repair or remediate the allegedly defective Machine.

## ELEVENTH DEFENSE
**(Impracticability)**

Zobele's contract and warranty claims are barred by the doctrine of impracticability, due to Zobele's unilateral decision to replace the allegedly defective Machine.

## TWELFTH DEFENSE
**(Misuse of Product)**

Zobele's claims are barred in whole, or in part, by Zobele's misuse of the Machine, including, but not limited to, running the Machine causing damage to the machine outside of TSS's presence, while TSS was still in the process of testing the Machine.

## THIRTEENTH DEFENSE
**(Failure to Perform in Good Faith)**

Zobele's claims are barred in whole, or in part, by Zobele's failure to perform its contractual obligations in good faith by, among other conduct, failing to disclose the acceptance criteria to TSS prior to design and manufacture of the Machine, and failing to pay TSS for the retooling for the second bottle.

WHEREFORE, TSS demands:

1. That Zobele's Complaint be dismissed with prejudice; and

2. Its reasonable costs and expenses and all other proper relief to which it may be entitled.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Darren W. Ford |
| *Of Counsel:* | **Darren W. Ford** (0086449) |
|  | *Trial Attorney* |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 312 Walnut Street | 2400 Chamber Center Dr. |
| Suite 1800 | Suite 300 |
| Cincinnati, OH  45202 | Ft. Mitchell, KY  41017 |
| Phone:  (513) 629-6464 | Phone:  (859) 578-7263 |
| Fax:      (513) 651-3836 | Fax:      (859) 578-3073 |
|  | Email:  dford@graydon.law |
|  | ATTORNEYS TSS TECHNOLOGIES, INC. |

## **CERTIFICATE OF SERVICE**

     I hereby certify that the foregoing Answer of TSS Technologies, Inc. was filed via the Court's CM/ECF system this 5th day of October, 2018, which will serve electronic notification on all counsel of record.

                                                /s/ Darren W. Ford
                                                **Darren W. Ford** (0086449)

8987289.3