UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ZOBELE MEXICO, S.A. DE C.V.,                       Case No. 1:18-cv-596

    Plaintiff,
                                                           Dlott, J.
   v.                                                                                   Bowman, M.J.

TSS TECHNOLOGIES, INC.,

    Defendant.

# REPORT AND RECOMMENDATION

## I.  Background

Plaintiff initiated this breach of contract case on August 22, 2018, alleging that Defendant TSS Technologies failed to comply with its contractual obligations and further breached various express and implied warranties, resulting in compensatory damages to Plaintiff of "not less than $2,055,000." (Doc. 1 at ¶¶37, 43). Initially represented by counsel, Defendant filed an answer to the complaint admitting that it entered into a contract with Plaintiff, but denying the characterization of the terms of the contract and any warranties, and otherwise denying any liability. (Doc. 13). This case has been referred to the undersigned for initial consideration and disposition of all pretrial and post-judgment matters, whether dispositive or not. (Doc. 7).

On December 4, 2018, the undersigned convened a telephone pretrial conference and entered a calendar order. (Doc. 19). During that conference, defense counsel indicated that he would be filing a motion to withdraw; the motion was filed the same date and represents that Defendant terminated counsel's services. (Doc. 20). Plaintiff filed a memorandum in response to counsel's motion to withdraw, seeking a delay in granting

the motion until new counsel appeared, or alternatively, that Defendant "be deemed in default in this action" because a corporation may not appear in federal court except through an attorney. (Doc. 21, collecting cases). On December 6, 2018, the undersigned granted the motion to withdraw but directed Defendant to retain new counsel not later than December 21, 2018. (Doc. 22).

Regrettably, Defendant failed to comply with the December 6, 2018 Order. Therefore, on January 8, 2019, the undersigned issued an "Order to Show Cause" that expressly directed Defendant "to show cause, in writing, no later than **January 30, 2019**, why it has failed to retain new counsel as ordered by the Court." (Doc. 23). The Clerk of Court served the copy of the Order to Show Cause on TSS Technologies, Inc. at the following address: TSS Technologies Inc., c/o Marc Drapp, CEO, 8800 Global Way, West Chester, OH 45069. The Court's Order also warned Defendant that a "[f]ailure to comply with this Order may result in the undersigned issuing a Report and Recommendation recommending that Defendant be found to be in default." (*Id.*)

Defendant has failed to comply with the Order to Show Cause. As noted, Plaintiff expressly objected to the prior withdrawal of counsel and asked that the Defendant be deemed to be in default. The undersigned declined to place Defendant in default at that time and instead granted Defendant ample time to retain new counsel.

**II.    Analysis**

More than two months have now passed without Defendant retaining new counsel, during which Defendant has ignored two Orders directing it to do so. *Compare Pecarsky v. Galaxiworld.com Ltd.,* 249 F.3d 167(2nd Cir.2001) (court abused its discretion when it required corporate defendant whose counsel had withdrawn to find new counsel in less

than one week). Defendant's failure to retain new counsel is inexplicable, and warrants the entry of default under Rule 55(a).

It is well settled that a corporation cannot appear in federal court except through an attorney. *Rowland v. California Men's Colony,* 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); *Doherty v. American Motors Corp.,* 728 F.2d 334, 340 (6th Cir.1984). Furthermore, it is insufficient for a person to attempt to represent a corporation as an officer of the corporation. *Reich v. Pierce,* 45 F.3d 431, n. 1 (6th Cir.1994). A lack of resources does not excuse a corporate party's failure to have counsel appear on its behalf. *See NK Beer Wine, Inc. v. United States,* 2009 WL 1874031, *1 (W.D. Mich. June 29, 2009). Thus, courts have consistently declined to waive the rule, "even in cases of severe financial hardship." *See Talasila Inc. v. United States,* 240 F.3d 1064, 1067 (Fed. Cir. 2001). Based on the long-standing rule, Defendant was directed to secure substitute counsel within a short period of time after defense counsel was permitted to withdraw. When Defendant failed to do so, on January 8, 2019, the Court expressly cautioned Defendant that its failure to show cause and a continued failure to retain new counsel by January 30, 2019 could result in the entry of a Report and Recommendation ("R&R") recommending that TSS be found to be in default.

At this juncture the Court has no recourse but to recommend *sua sponte* that the Clerk's Office enter a default against the corporate Defendant based upon its failure to secure counsel. Entry of default is appropriate whenever a defendant fails "to plead or otherwise defend." *See generally* Rule 55(a); *see also Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856–57 (8th Cir.1996) (corporate defendant was technically in default on date court allowed counsel to withdraw). Despite the filing of an initial

Answer by former counsel, Defendant has shown no ability or willingness to continue or "otherwise defend" this case.  Finally, if this R&R is adopted and Defendant continues to forego the retention of new counsel, the undersigned is likely to look favorably upon any future motion for the entry of a default judgment under Rule 55(b)(2), to the extent that Plaintiff's claim may be reduced to an amount certain.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT:**

1. This Court file an Entry of Default against Defendant TSS Technologies, Inc. under Rule 55(a), Fed. R. Civ. P.;

2. A copy of this R&R be served upon Defendant TSS Technologies, Inc., c/o Marc Drapp, CEO, 8800 Global Way, West Chester, OH 45069;

3. Based upon the information provided in the certificate of service filed with the Court by former counsel on December 4, 2018, an additional copy of this R&R should be served on TSS Technologies, Inc., c/o Mr. C. Brent Nichols, 8083 Valley Crossing Dr., Cincinnati, OH 45247.

                                                          *s/ Stephanie K. Bowman*
                                                        Stephanie K. Bowman
                                                        United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| ZOBELE MEXICO, S.A. DE C.V., | Case No. 1:18-cv-596 |
| Plaintiff, | |
| | Dlott, J. |
| v. | Bowman, M.J. |
| TSS TECHNOLOGIES, INC., | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).